Jeffrey F. Gersh, State Bar No. 87124
jgersh@gershderbylaw.com
Paul B. Derby, State Bar No. 211352
pderby@gershderbylaw.com
Mane Sardaryan, State Bar No. 287201
msardaryan@gershderbylaw.com
GERSH | DERBY, LLP, Attorneys at Law
15821 Ventura Boulevard, Suite 515
Encino, California 91436
Telephone: (818) 536-5700
Facsimile:  (818) 981-4618

Attorneys for Defendants Ridgemount Investments, Inc.,
Alex Iscoe, and David Ulmer

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BISNO DEVELOPMENT ENTERPRISE, LLC, a limited liability company,

Plaintiff,

v.

BARRY LEVINE, an individual; ARI SCHOTTENSTEIN, an individual; PROTILUS INVESTORS, LLC, a New Jersey limited liability company; ILUS INVESTORS, LP, a California limited liability company; RIDGEMOUNT INVESTMENTS, INC., a Canadian corporation; ALEX ISCOE, an individual; DAVID ULMER, an individual; and DOES 1 through 100, inclusive;

Defendants.

CASE NO.: 13-cv-7961-R (PJWx)

**ANSWER OF DEFENDANTS RIDGEMOUNT INVESTMENTS, INC., ALEX ISCOE, AND DAVID ULMER TO COMPLAINT OF BISNO DEVELOPMENT ENTERPRISE, LLC**

GERSH| DERBY, LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT

Case No. 13-CV-7961-R (PJWX)

Defendants Ridgemount Investments, Inc., Alex Iscoe, and David Ulmer (collectively herein, "Defendants") file this Answer to the Complaint of plaintiff Bisno Development Enterprise, LLC:

1.     In response to Paragraph 1, Defendants deny that plaintiff Bisno Development Enterprise, LLC ("Plaintiff") is in good standing.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

2.     In response to Paragraph 2, Defendants admit that Protilus Investors, LLC ("Protilus") is a limited partner of Ilus LP.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

3.     In response to Paragraph 3, Defendants admit that Barry Levine ("Levine") is an individual, and a manager of Ilus GP; Protilus is a limited partner of Ilus LP; and Ilus GP US ("Ilus GP") is the general partner of Ilus LP.  Defendants are informed and believe, and on that basis admit, that Levine is a principal of Protilus. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

4.     In response to Paragraph 4, Defendants admit that Ari Schottenstein ("Schottenstein") is an individual, and that Protilus is a limited partner of Ilus LP. Defendants are informed and believe, and on that basis admit, that Schottenstein is a principal of Protilus.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

5.     In response to Paragraph 5, Defendants admit that Ridgemount Investments, Inc. ("Ridgemount") is controlled by Alex Iscoe ("Iscoe") and David Ulmer ("Ulmer").  Defendants deny the remaining allegations in this paragraph.

6.     In response to Paragraph 6, Defendants admit that Ilus LP is a California limited partnership with a registered office at 1875 Century Park East, Suite 2230, Los Angeles, California 90067, and a principal address of 51 Gibraltar Drive, Suite 2D, Morris Plains, New Jersey 07950, and the general partner of Ilus LP is Ilus GP.

1

GERSH | DERBY, LLP
ATTORNEYS AT LAW

1  Defendants deny all remaining allegations in this paragraph.

2       7.       In response to Paragraph 7, Defendants admit that Ilus GP is a California

3  limited liability company with a registered office at 1875 Century Park East, Suite

4  2230, Los Angeles, California 90067, and a principal address of 51Gibraltar Drive,

5  Suite 2D, Morris Plains, New Jersey 07950.  Defendants deny all remaining

6  allegations in this paragraph.

7       8.       Defendants deny each and every allegation of Paragraph 8 of the

8  Complaint.

9       9.       In response to Paragraph 9 of the Complaint, Defendants are without

10  knowledge or information sufficient to admit or deny the allegations contained

11  therein.

12       10.      In response to Paragraph 10 of the Complaint, Defendants admit the

13  allegation.

14       11.      In response to Paragraph 11 of the Complaint, Defendants are informed

15  and believe, and on that basis admit, Vineyards Development Incorporated ("VDI") is

16  a California corporation, and VDB Santa Ana, LLC ("VDB") is a California limited

17  liability company.  Defendants are without knowledge or information sufficient to

18  admit or deny the remainder of the allegations in this paragraph.

19       12.      In response to Paragraph 12 of the Complaint, Defendants admit the

20  allegations.

21       13.      In response to Paragraph 13 of the Complaint, Defendants admit that

22  VDC at The Met, LLC ("VDCATM") is governed by the Second Amended and

23  Restated Operating Agreement for VDCATM, dated August 16, 2011 (the

24  "VDCATM Operating Agreement").  As Defendants have yet to be properly served

25  with a complete copy of the Complaint, Defendants are unable to confirm or deny the

26  authenticity of the documents attached to the Complaint.  Defendants deny the

27  remainder of the allegations in the paragraph.

28

GERSH| DERBY, LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT

Case No. 13-CV-7961-R (PJWX)

14.    In response to Paragraph 14 of the Complaint, Defendants admit that Ulmer and Levine are managers of Ilus GP. As Defendants have yet to be properly served with a complete copy of the Complaint, Defendants are unable to confirm or deny the authenticity of the documents attached to the Complaint. Defendants deny the remainder of the allegations in the paragraph.

15.    In response to Paragraph 15 of the Complaint, Defendants admit the existence of an Ilus GP Operating Agreement, but deny Plaintiff's interpretation of this agreement as set forth in this paragraph.

16.    In response to Paragraph 16 of the Complaint, as Defendants have yet to be properly served with a complete copy of the Complaint, inclusive of Exhibit "D," Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16.

17.    In response to Paragraph 17 of the Complaint, Defendants deny that Plaintiff's definition of "Entitlements" is consistent with the definition of this term as set forth in the VDCATM Operating Agreement. Defendants admit that certain governmental entities supported conditional approvals for the construction of 271 apartment homes, but are without knowledge or information sufficient to admit or deny Plaintiff's characterization of said conditional approvals as "rights."

18.    In response to Paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph.

19.    In response to Paragraph 19 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph.

20.    In response to Paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph.

GERSH | DERBY, LLP
ATTORNEYS AT LAW

3

21.    In response to Paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph with the exception that Defendants admit VDCATM acquired the Property in March 2011 for a purchase price of $6,100,000.  Furthermore, as Defendants have yet to be properly served with a complete copy of the Complaint, inclusive of Exhibit "E," Defendants are without knowledge or information sufficient to admit or deny any factual allegations regarding that document.

22.    Defendants deny each and every allegation in Paragraph 22 of the Complaint, with the exception that Defendants admit VDCATM and Plaintiff entered into an "Independent Contractor Agreement" in or about August 2011.

23.    Defendants deny each and every allegation of Paragraph 23 of the Complaint.

24.    Defendants deny each and every allegation of Paragraph 24 of the Complaint, with the exception that Defendants admit the Property was sold on or about October 3, 2013 for a gross sale price (before fees, costs, and expenses) of $17,250,000.

25.    In response to Paragraph 25 of the Complaint, Defendants deny the allegations, with the exceptions that Defendants admit that Ilus LP contributed capital in excess of $2,246,000; as Defendants have yet to be properly served with a complete copy of the Complaint, Defendants are unable to confirm or deny the authenticity of the documents attached to the Complaint; and Defendants are without knowledge or information sufficient to admit or deny the amount of Ilus LP's "Outstanding Capital Contribution" because this is not a defined term.

26.    In response to Paragraph 26, Defendants admit that the VDCATM Operating Agreement was negotiated between April 2011 and August 16, 2011, and that during that time period, Defendants contemplated making Capital Contributions of $2,100,000. Defendants otherwise deny the allegations contained in this paragraph. Furthermore, as Defendants have yet to be properly served with a complete copy of

ANSWER TO COMPLAINT

GERSH | DERBY, LLP
ATTORNEYS AT LAW

1  the Complaint, inclusive of Exhibit "I," Defendants are without knowledge or

2  information sufficient to admit or deny any factual allegations regarding that

3  document.

4      27.    Defendants deny each and every allegation in Paragraph 27 of the

5  Complaint, with the exception that Defendants admit that Ilus LP represented that it

6  would make Capital Contributions to VDCATM of $2,100,000.

7      28.    In response to Paragraph 28 of the Complaint, Defendants admit that

8  Iscoe and Ulmer were introduced to Ogulnick after March 6, 2011.  Defendants are

9  without knowledge or information sufficient to admit or deny the remaining

10  allegations in this paragraph, and on that basis deny such allegations.

11      29.    Defendants are without knowledge or information sufficient to admit or

12  deny the allegations in Paragraph 29, including the timing or content of any telephone

13  calls between Schottenstein, Levine, and Ogulnick, and anything Ogulnick may have

14  reported to Plaintiff, and on that basis deny such allegations.

15      30.    Defendants deny each and every allegation in Paragraph 30 of the

16  Complaint, with the exception that Defendants admit that Schottenstein emailed a

17  non-binding proposed term sheet in March 2011.

18      31.    Defendants deny each and every allegation in Paragraph 31 of the

19  Complaint, with the exception that Defendants admit that Ogulnick signed the term

20  sheet and wired a $20,000 expense deposit.  Furthermore, as Defendants have yet to

21  be properly served with a complete copy of the Complaint, inclusive of Exhibit "H,"

22  Defendants are without knowledge or information sufficient to admit or deny any

23  factual allegations regarding that document, including its authenticity.

24      32.    Defendants deny each and every allegation in Paragraph 32 of the

25  Complaint, with the exceptions that Defendants admit that Ogulnick requested proof

26  of funds; Ridgemount provided proof of funds on deposit at a Canadian bank; legal

27  counsel in California was hired to draft documentation for a potential investment with

28  a scheduled closing on or about March 31, 2011; and Defendants were introduced to

GERSH| DERBY, LLP
ATTORNEYS AT LAW

5

1    Plaintiff in or about March 2011.

2         33.    Defendants deny each and every allegation in Paragraph 33 of the

3    Complaint.

4         34.    Defendants deny each and every allegation in Paragraph 34 of the

5    Complaint, with the exception that Defendants admit that the non-binding term sheet

6    signed by Ogulnick contained a "No-Shop" clause.

7         35.    Defendants deny each and every allegation in Paragraph 35 of the

8    Complaint, with the exceptions that Defendants admit that the Effective Date of the

9    VDCATM Operating Agreement is August 16, 2011, and that VDI entered into the

10   VDCATM Operating Agreement.

11        36.    Defendants deny each and every allegation in Paragraph 36 of the

12   Complaint, with the exceptions that Defendants admit Section 4.1.1 states: "Prior to

13   the Effective Date, Ilus made a Capital Contribution in the amount of $2,651,173.83

14   plus the amount of other Project Costs incurred by Ilus for which Ilus has not received

15   reimbursement.  On the Effective Date, a distribution shall be made to Ilus to reduce

16   the amount of its outstanding Capital Contributions to $2,100,000.00;" Section

17   4.2.1(a)(i) states that Ilus LP's "Undisbursed Contribution Amount" was $146,957.36,

18   which amount is also defined as the "Maximum Aggregate Additional Contribution;"

19   Defendants did not intend to contribute capital in excess of $2,100,000; Ilus LP

20   maintained one of VDCATM's bank accounts; and Ilus LP caused the tax returns for

21   VDCATM to be filed.

22        37.    Defendants deny each and every allegation in Paragraph 37 of the

23   Complaint, with the exception that Defendants admit Ilus LP agreed to faithfully

24   perform its obligations under the VDCATM Operating Agreement, including agreeing

25   to disburse a total of $2,100,000.00 of Capital Contributions (which amount included

26   both the already-disbursed contribution amount of $1,953,042.64 and the

27   "Undisbursed Contribution Amount" of $146,957.36).

28

GERSH | DERBY, LLP
ATTORNEYS AT LAW

6

GERSH| DERBY, LLP
ATTORNEYS AT LAW

38.     Defendants deny each and every allegation in Paragraph 38 of the Complaint.

39.     Defendants deny each and every allegation in Paragraph 39 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny whether non-parties VDI and/or Ogulnick secretly reported anything to Plaintiff.

40.     Defendants deny each and every allegation in Paragraph 40 of the Complaint.

41.     Defendants deny each and every allegation in Paragraph 41 of the Complaint, with the exceptions that Defendant admit that it was confirmed with VDI/Ogulnick on or about October 3, 2011, that Defendants remaining Undisbursed Contribution Amount stood at $28,244.94, and these amounts would be contributed to VDCATM; the VDCATM Operating Agreement required that VDB disburse all subsequent Project Costs from its contributed capital (with the exception of $5,000 of sundry expenses); and Defendants are without knowledge or information sufficient to admit or deny whether non-party Ogulnick reported anything to Plaintiff.

42.     Defendants deny each and every allegation in Paragraph 42 of the Complaint, with the exception that Defendants admit that the VDCATM Operating Agreement specified that Defendants' outstanding Capital Contributions were stated to be $2,100,000, which amount included Defendants' Undisbursed Contribution Amount of $146,957.36.

43.     Defendants deny each and every allegation in Paragraph 43 of the Complaint, with the exception that VDCATM never had knowledge of nor entered into the "Entitlement Representation Agreement" (as this is defined in the Complaint) between Plaintiff and non-party VDI/Ogulnick.  VDCATM is specifically stated to be "not a party to this Agreement."

44.     Defendants deny each and every allegation in Paragraph 44 of the Complaint, with the exception that Defendants admit a contribution of $1,800,000

7

towards the purchase price, and another $851,173.83 to cover funding shortfalls by non-party Ogulnick, for a total contribution of $2,651,173.83. Furthermore, as Defendants have yet to be properly served with a complete copy of the Complaint, inclusive of Exhibit "J," Defendants are without knowledge or information sufficient to admit or deny any factual allegations regarding that document, including its authenticity.

45.    Defendants deny each and every allegation in Paragraph 45 of the Complaint.

46.    Defendants deny each and every allegation in Paragraph 46 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny what non-party Ogulnick reported to Plaintiff. Defendants deny, on information and belief, that "copies" of purported "misrepresentations" were provided to Plaintiff.

47.    Defendants deny each and every allegation in Paragraph 47 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny what non-party Ogulnick reported to Plaintiff. Defendants deny, on information and belief, that "copies" of purported "misrepresentations" were provided to Plaintiff.

48.    Defendants deny each and every allegation in Paragraph 48 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny what non-party Ogulnick reported to Plaintiff. Defendants deny, on information and belief, that "copies" of purported "misrepresentations" were provided to Plaintiff.

49.    Defendants deny each and every allegation in Paragraph 49 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny what non-party Ogulnick reported to Plaintiff. Defendants deny, on information and belief, that "copies" of purported "misrepresentations" were provided to Plaintiff.

8

Case No. 13-CV-7961-R (PJWX)

50.    Defendants deny each and every allegation in Paragraph 50 of the Complaint.

51.    Defendants deny each and every allegation in Paragraph 51 of the Complaint, with the exception that Defendants admit an agreement to disburse Defendants' Undisbursed Contribution Amount to VDCATM pursuant to written "Requests for Disbursement" (as defined in the VDCATM Operating Agreement) by non-party VDI, subject to, inter alia, VDI's satisfaction of the conditions precedent set forth in the VDCATM Operating Agreement.  Furthermore, as Defendants have yet to be properly served with a complete copy of the Complaint, inclusive of Exhibit "K," Defendants are without knowledge or information sufficient to admit or deny any factual allegations regarding that document, including its authenticity.

52.    Defendants deny each and every allegation in Paragraph 52 of the Complaint

53.    Defendants deny each and every allegation in Paragraph 53 of the Complaint, with the exception that Defendants admit that capital in excess of $2,100,000 was contributed and disbursed, meaning that more than the full amount of Ilus LP's "Undisbursed Contribution Amount" was disbursed, and Ilus LP's "Maximum Aggregate Additional Contribution" was thus satisfied.  Defendants are without knowledge or information sufficient to admit or deny what non-party Ogulnick reported to Plaintiff.  On information and belief, Defendants deny that "copies" of purported "misrepresentations" were provided to Plaintiff.

54.    Defendants deny each and every allegation in Paragraph 54 of the Complaint, with the exceptions that Defendants admit an "Expense Tracking Report" email to non-party Ogulnick on or about June 20 or 21, 2012 confirming Ilus LP's "Total Funding Requirement" was $2,100,000, with $1,953,042.64 disbursed as of that date, and a $146,957.36 "Residual Funding Requirement;" and "VDC Expenses / Invoicing Tracking List" emails to non-party Ogulnick, including on or about July 18 or 19, 2011 and October 3, 2011.  Defendants are presently without knowledge or

GERSH | DERBY, LLP
ATTORNEYS AT LAW

9

1   information sufficient to admit or deny whether non-party Ogulnick was sent other

2   "Expense Tracker" reports on the other dates alleged by Plaintiff.

3       55.   Defendants deny each and every allegation in Paragraph 55 of the

4   Complaint, with the exception that Defendants admit that the VDCATM Operating

5   Agreement recites that Ilus LP's outstanding Capital Contributions as of the Effective

6   Date was $2,100,000, of which $146,957.36 (the "Undisbursed Contribution

7   Amount") had yet to be disbursed.

8       56.   Defendants deny each and every allegation in Paragraph 56 of the

9   Complaint, with the exception that Defendants are without knowledge or information

10  sufficient to admit or deny whether non-party Ogulnick secretly forwarded any

11  "information" to Plaintiff.

12      57.   Defendants deny each and every allegation in Paragraph 57 of the

13  Complaint.

14      58.   Defendants deny each and every allegation in Paragraph 58 of the

15  Complaint.

16      59.   Defendants deny each and every allegation in Paragraph 59 of the

17  Complaint.

18      60.   Defendants deny each and every allegation in Paragraph 60 of the

19  Complaint, with the exception that Defendants had no knowledge of, and were not

20  parties to, the "Entitlement Representation Agreement" referred to by Plaintiff, and

21  Defendants are without knowledge or information of the purported "representations or

22  warranties" provided by Defendants to Plaintiff, and on that basis are without

23  sufficient knowledge or information to admit or deny what Plaintiff would have or

24  would not have done.

25      61.   Defendants deny each and every allegation in Paragraph 61 of the

26  Complaint.

27      62.   Defendants deny each and every allegation in Paragraph 62 of the

28  Complaint.

GERSH | DERBY, LLP
ATTORNEYS AT LAW

10

ANSWER TO COMPLAINT

Case No. 13-CV-7961-R (PJWX)

63.    Defendants deny each and every allegation in Paragraph 63 of the Complaint. Defendants are without knowledge or information of any other litigation involving Defendants in which Plaintiff is a party, and Defendants are without knowledge or information sufficient to admit or deny what Plaintiff has or has not "seen" in connection with other lawsuits involving Defendants. Defendants further deny Plaintiff may "reserve rights" or attempt to "reserve rights" in light of Plaintiff's suspended status.

64.    Defendants deny each and every allegation in Paragraph 64 of the Complaint, including all conclusory legal contentions, with the exceptions that Defendants admit that the Effective Date of the VDCATM Operating Agreement is August 16, 2011; the VDCATM Operating Agreement recites Ilus LP's outstanding Capital Contributions as of the Effective Date are $2,100,000; in excess of $1,967,682.81 was contributed by Ilus LP; Defendants were provided with an Assignment dated August 22, 2011 between non-party "Vineyard Development Corporation" and non-party VDB; June 21, 2011 is "prior to the ICA" and prior to the Effective Date of the Operating Agreement; Defendants sent an "Expenses / Invoicing Tracking List" on or about July 18 or 19, 2011 and September 7, 2011; and Defendants sent an updated "Expenses / Invoicing Tracking List" on or about October 3, 2011. Defendants are without knowledge or information sufficient to admit or deny whether VDI agreed to assign its interest in VDCATM to VDB on or about August 22, 2011, the dates on which purported emails by Defendants stating that exactly $1,967,682.81 in capital contributions had been disbursed; whether or not non-party Ogulnick secretly reported anything to Plaintiff; and whether or not Plaintiff relied on such purported reports by non-party Ogulnick.

65.    Defendants deny each and every allegation in Paragraph 65 of the Complaint, with the exception that Defendants admit contributions and disbursements in excess of $2,096,000. Defendants are without knowledge or information sufficient to determine what, if anything, non-party Ogulnick reported to Plaintiff, and are

GERSH | DERBY, LLP
ATTORNEYS AT LAW

presently without knowledge or information sufficient to determine what was posted, if anything, to Dropbox on October 9, 2011. On information and belief, Defendants deny that "copies" of purported "misrepresentations" were provided to Plaintiff.

66.     Defendants deny each and every allegation in Paragraph 66 of the Complaint, with the exception that Defendants admit contributions and disbursements in excess of $2,096,059. Defendants are without knowledge or information sufficient to determine what, if anything, non-party Ogulnick reported to Plaintiff, and are presently without knowledge or information sufficient to determine what was posted, if anything, to Dropbox on October 3, 2011. On information and belief, Defendants deny that "copies" of purported "misrepresentations" were provided to Plaintiff.

67.     Defendants deny each and every allegation in Paragraph 67 of the Complaint, with the exception that Defendants admit contributions and disbursements in excess of $2,096,059. Defendants are without knowledge or information sufficient to determine what, if anything, non-party Ogulnick reported to Plaintiff, and what was sent by Levine to non-party Ogulnick on or about October 20, 2011. On information and belief, Defendants deny that "copies" of purported "misrepresentations" were provided to Plaintiff.

68.     Defendants deny each and every allegation in Paragraph 68 of the Complaint, with the exception that Defendants admit contributions and disbursements in excess of $2,096,059. Defendants are without knowledge or information sufficient to determine what, if anything, non-party Ogulnick reported to Plaintiff, and are presently without knowledge or information sufficient to determine what was posted, if anything, to Dropbox on November 9, 2011. On information and belief, Defendants deny that "copies" of purported "misrepresentations" were provided to Plaintiff.

69.     Defendants deny each and every allegation in Paragraph 69 of the Complaint, with the exception that Defendants admit contributions and disbursements in excess of $2,096,059.25. Defendants are without knowledge or information sufficient to determine what, if anything, non-party Ogulnick reported to Plaintiff, and

GERSH| DERBY, LLP
ATTORNEYS AT LAW

12

ANSWER TO COMPLAINT

1  are presently without knowledge or information sufficient to determine what was

2  posted, if anything, to Dropbox on November 29, 2011.  On information and belief,

3  Defendants deny that "copies" of purported "misrepresentations" were provided to

4  Plaintiff or that non-party Ogulnick is a "Plaintiff" in the instant action.

5       70.    Defendants deny each and every allegation in Paragraph 70 of the

6  Complaint, with the exception that Defendants admit contributions and disbursements

7  in excess of  $2,096,056.00.  Defendants are without knowledge or information

8  sufficient to determine what, if anything, non-party Ogulnick reported to Plaintiff, and

9  are presently without knowledge or information sufficient to determine what was

10 posted, if anything, to Dropbox on March 7, 2012.  On information and belief,

11 Defendants deny that "copies" of purported "misrepresentations" were provided to

12 Plaintiff.

13      71.    Defendants deny each and every allegation in Paragraph 71 of the

14 Complaint, with the exception that Defendants admit that VDB sued certain of the

15 parties to this lawsuit on or about May 4, 2012; May 30, 2012 was after the

16 commencement of said litigation; and Defendants contributed and disbursed in excess

17 of $2,096,056.00.  Defendants are without knowledge or information sufficient to

18 determine what, if anything, non-party Ogulnick reported to Plaintiff.  On information

19 and belief, Defendants deny that "copies" of purported "misrepresentations" were

20 provided to Plaintiff.

21      72.    Defendants deny each and every allegation in Paragraph 72 of the

22 Complaint, with the exception that Defendants admit that VDB sued certain of the

23 parties to this lawsuit on or about May 4, 2012.

24      73.    Defendants deny each and every allegation in Paragraph 73 of the

25 Complaint.

26      74.    Defendants deny each and every allegation in Paragraph 74 of the

27 Complaint.

28

GERSH | DERBY, LLP
ATTORNEYS AT LAW

13

ANSWER TO COMPLAINT

75.    Defendants deny each and every allegation in Paragraph 75 of the Complaint.

76.    Defendants deny each and every allegation in Paragraph 76 of the Complaint, with the exception that a 2011 federal tax return was filed for VDCATM.

77.    Defendants deny each and every allegation in Paragraph 77 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny the allegations regarding the conduct of Levine in another lawsuit.

78.    Defendants deny each and every allegation in Paragraph 78 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny the allegations regarding the conduct of Levine in another lawsuit.

79.    Defendants deny each and every allegation in Paragraph 79 of the Complaint, with the exception that a notice of default was sent to non-party VDI/VDB on or about March 9, 2012, and $990,000 was thereafter wired to the Avalon Lender to extend the maturity date of the Avalon Loan.

80.    Defendants deny each and every allegation in Paragraph 80 of the Complaint, with the exceptions that Defendants are without knowledge or information sufficient to admit or deny whether Plaintiff has any contract rights in connection with the unsigned Entitlement Representation Agreement between Plaintiff and non-party VDB; whether or not non-party VDB has incurred hundreds of thousands of dollars in legal fees and costs; or the theory under which such legal fees purportedly incurred by non-party VDB have caused damage to Plaintiff.

81.    Defendants deny each and every allegation in Paragraph 81 of the Complaint.

82.    Defendants deny each and every allegation in Paragraph 82 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny the allegations regarding alleged communications between

14

GERSH | DERBY, LLP
ATTORNEYS AT LAW

1  Messrs. Schottenstein and Levine, on the one hand, and Mr. Heffernan, on the other

2  hand, and deny these allegations on that basis.

3      83.    Defendants deny each and every allegation in Paragraph 83 of the

4  Complaint, with the exception that Defendants are without knowledge or information

5  sufficient to admit or deny whether any of the other defendants to this lawsuit are

6  currently soliciting investors or partners.

7          **RICO CASE STATEMENT INFORMATION: RENUMBERED AS**

8                  **PARAGRAPHS 1 -16**

9      This section adds no factual allegations, but rather presents conclusory legal

10 positions. As such, Defendants generally deny the contentions and allegations of this

11 misnumbered section.

12                  **FIRST CAUSE OF ACTION**

13     80.    [The First Cause of Action erroneously begins with "Paragraph 80" of

14 the Complaint. Plaintiff's erroneous numbering is employed here, for clarity's sake.]

15 Defendants repeat, re-allege and incorporate herein by this reference each and every

16 answer and allegation set forth in paragraphs 1 through [83] above, inclusive, as

17 though fully set forth here.

18     81.    Defendants deny each and every allegation in Paragraph 81 of the

19 Complaint.

20     82.    Defendants deny each and every allegation in Paragraph 82 of the

21 Complaint.

22     83.    Defendants deny each and every allegation in Paragraph 83 of the

23 Complaint.

24     84.    Defendants deny each and every allegation in Paragraph 84 of the

25 Complaint.

26     85.    Defendants deny each and every allegation in Paragraph 85 of the

27 Complaint.

28

GERSH| DERBY, LLP
ATTORNEYS AT LAW

15

86.     Defendants deny each and every allegation in Paragraph 86 of the Complaint.

87.     Defendants deny each and every allegation in Paragraph 87 of the Complaint.

## SECOND CAUSE OF ACTION

88.     Defendants repeat, re-allege and incorporate herein by this reference each and every answer and allegation set forth in paragraphs 1 through 87 above, inclusive, as though fully set forth at this place.

89.     Defendants deny each and every allegation in Paragraph 89 of the Complaint.

90.     Defendants deny each and every allegation in Paragraph 90 of the Complaint.

91.     Defendants deny each and every allegation in Paragraph 91 of the Complaint.

92.     Defendants deny each and every allegation in Paragraph 92 of the Complaint.

93.     Defendants deny each and every allegation in Paragraph 93 of the Complaint.

94.     Defendants deny each and every allegation in Paragraph 94 of the Complaint.

95.     Defendants deny each and every allegation in Paragraph 95 of the Complaint.

## THIRD CAUSE OF ACTION

96.     Defendants repeat, re-allege and incorporate herein by this reference each and every answer and allegation set forth in paragraphs 1 through 95 above, inclusive, as though fully set forth at this place.

97.     Defendants deny each and every allegation in Paragraph 97 of the Complaint.

16

GERSH | DERBY, LLP
ATTORNEYS AT LAW

98.    Defendants deny each and every allegation in Paragraph 98 of the Complaint.

99.    Defendants deny each and every allegation in Paragraph 99 of the Complaint.

100.    Defendants deny each and every allegation in Paragraph 100 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny whether or not Plaintiff performed, or intended to perform, under the unsigned "Entitlement Representation Agreement" between Plaintiff and non-party VDI/Ogulnick because such purported agreement was never discussed with or disclosed to Defendants, nor are Defendants party to any such agreement.

101.    Defendants deny each and every allegation in Paragraph 101 of the Complaint.

102.    Defendants deny each and every allegation in Paragraph 102 of the Complaint.

## FOURTH CAUSE OF ACTION

103.    Defendants repeat, re-allege and incorporate herein by this reference each and every answer and allegation set forth in paragraphs 1 through 102 above, inclusive, as though fully set forth at this place.

104.    Defendants deny each and every allegation in Paragraph 104 of the Complaint, with the exception that the Property in question was sold on or about October 3, 2013 for a gross sale price (before fees, costs, and expenses) of $17,250,000.

105.    Defendants deny each and every allegation in Paragraph 105 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny whether or not Plaintiff performed, or intended to perform, under the unsigned "Entitlement Representation Agreement" between Plaintiff and non-party VDI/Ogulnick because such purported agreement was never discussed with or disclosed to Defendants, nor are Defendants party to any such agreement.

GERSH | DERBY, LLP
ATTORNEYS AT LAW

17

**FIFTH CAUSE OF ACTION**

106.  Defendants repeat, re-allege and incorporate herein by this reference each and every answer and allegation set forth in paragraphs 1 through 105 above, inclusive, as though fully set forth at this place.

107.  Defendants deny each and every allegation in Paragraph 107 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny Plaintiff's unsupported conclusions of law.

105.  [Plaintiff again uses erroneous numbering here for the Complaint's paragraphs.  This paragraph should be "Paragraph 108," if the numbering continued consecutively.]  Defendants deny each and every allegation in Paragraph 105 of the Complaint.

**SIXTH CAUSE OF ACTION**

106.  Defendants repeat, re-allege and incorporate herein by this reference each and every answer and allegation set forth in paragraphs 1 through [108] above, inclusive, as though fully set forth at this place.

107.  Defendants deny each and every allegation in Paragraph 107 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny whether or not Plaintiff entered into, or intended to enter into, the unsigned "Entitlement Representation Agreement" between Plaintiff and non-party VDI/Ogulnick because such purported agreement was never discussed with or disclosed to Defendants, nor are Defendants party to any such agreement.

108.  Defendants deny each and every allegation in Paragraph 108 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny whether or not Plaintiff performed under, or intended to perform under, the unsigned "Entitlement Representation Agreement" between Plaintiff and non-party VDI/Ogulnick because such purported agreement was never discussed with or disclosed to Defendants, nor are Defendants party to any such agreement.

18

ANSWER TO COMPLAINT

Case No. 13-CV-7961-R (PJWX)

GERSH | DERBY, LLP
ATTORNEYS AT LAW

109. Defendants deny each and every allegation in Paragraph 109 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny whether or not Plaintiff has any contract rights, or intended to obtain contract rights, the unsigned "Entitlement Representation Agreement" between Plaintiff and non-party VDI/Ogulnick because such purported agreement was never discussed with or disclosed to Defendants, nor are Defendants party to any such agreement.

110. Defendants deny each and every allegation in Paragraph 110 of the Complaint.

## SEVENTH CAUSE OF ACTION

111. Defendants repeat, re-allege and incorporate herein by this reference each and every answer and allegation set forth in paragraphs 1 through 110 above, inclusive, as though fully set forth at this place.

112. Defendants deny each and every allegation in Paragraph 112 of the Complaint.

113. Defendants deny each and every allegation in Paragraph 113 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny whether or not Plaintiff performed under, or intended to perform under, the unsigned "Entitlement Representation Agreement" between Plaintiff and non-party VDI/Ogulnick because such purported agreement was never discussed with or disclosed to Defendants, nor are Defendants party to any such agreement.

114. Defendants deny each and every allegation in Paragraph 114 of the Complaint, with the exception that Defendants are without knowledge or information sufficient to admit or deny whether or not Plaintiff has any contract rights, or intended to obtain contract rights, the unsigned "Entitlement Representation Agreement" between Plaintiff and non-party VDI/Ogulnick because such purported agreement was never discussed with or disclosed to Defendants, nor are Defendants party to any such

19

agreement.

115.   Defendants deny each and every allegation in Paragraph 115 of the Complaint.

## EIGHTH CAUSE OF ACTION

116.   Defendants repeat, re-allege and incorporate herein by this reference each and every answer and allegation set forth in paragraphs 1 through 115 above, inclusive, as though fully set forth at this place.

117.   Defendants deny each and every allegation in Paragraph 117 of the Complaint, and this paragraph's conclusory statements of law.

118 – 137.   This section adds no factual allegations, but rather presents conclusory legal positions.  As such, Defendants generally deny the contentions and allegations of paragraphs 118 through 137.

## SEVENTH [sic] CAUSE OF ACTION

138.   Defendants repeat, re-allege and incorporate herein by this reference each and every answer and allegation set forth in paragraphs 1 through 137 above, inclusive, as though fully set forth at this place.

139.   Defendants deny each and every allegation in Paragraph 139 of the Complaint.

140.   Defendants deny each and every allegation in Paragraph 140 of the Complaint.

141.   Defendants deny each and every allegation in Paragraph 141 of the Complaint.

142.   Defendants deny each and every allegation in Paragraph 142 of the Complaint.

## PLAINTIFF'S PRAYER FOR JUDGMENT

**First Cause of Action**

Defendants deny Plaintiff's right to the relief requested.

GERSH | DERBY, LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT

Case No. 13-CV-7961-R (PJWX)

**Second Cause of Action**

Defendants deny Plaintiff's right to the relief requested.

**Third Cause of Action**

Defendants deny Plaintiff's right to the relief requested.

**Fourth Cause of Action**

Defendants deny Plaintiff's right to the relief requested.

**Fifth Cause of Action**

Defendants deny Plaintiff's right to the relief requested.

**Sixth Cause of Action**

Defendants deny Plaintiff's right to the relief requested.

**Seventh Cause of Action**

Defendants deny Plaintiff's right to the relief requested.

**Eighth Cause of Action**

Defendants deny Plaintiff's right to the relief requested.

**Ninth Cause of Action**

[incorrectly referred to, also, as the Seventh Cause of Action in the Complaint].

Defendants deny Plaintiff's right to the relief requested.

## AFFIRMATIVE DEFENSES AS TO ALL CAUSES OF ACTION

## FIRST AFFIRMATIVE DEFENSE

### Failure to Allege With Particularity

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff has not set out its causes of action and allegations with sufficient particularity to permit Defendants to raise all appropriate defenses, and thus, Defendants reserve their right to add additional defenses to the factual bases for Plaintiff's alleged causes of action and allegations.

21

ANSWER TO COMPLAINT

Case No. 13-CV-7961-R (PJWX)

GERSH | DERBY, LLP
ATTORNEYS AT LAW

## SECOND AFFIRMATIVE DEFENSE

### Uncertainty

Subject in all respects to the Reservations of Rights set forth herein, the Complaint and each of the alleged causes of action therein presented are vague, ambiguous, and uncertain.

## THIRD AFFIRMATIVE DEFENSE

### Lack of Reliance

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff has not relied upon any acts, representations whether true or untrue, on the part of Defendants, nor have Defendants been involved in any concealment, omission, fraud, or negligence.

## FOURTH AFFIRMATIVE DEFENSE

### Failure to State Cause of Action

Subject in all respects to the Reservations of Rights set forth herein, the Complaint, and each of the alleged causes of action in it, fails to state a cause of action upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

### Fraud

Subject in all respects to the Reservations of Rights set forth herein, the Complaint, and each of the alleged causes of action in it, fails due to fraud.

## SIXTH AFFIRMATIVE DEFENSE

### Consent

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff is barred from any recovery in this action by reason of the fact that it willingly and voluntarily consented, expressly and implicitly, to any such acts or conduct as may be shown on the part of these answering Defendants.

GERSH DERBY, LLP
ATTORNEYS AT LAW

ANSWER TO COMPLAINT

Case No. 13-CV-7961-R (PJWX)

GERSH | DERBY, LLP
ATTORNEYS AT LAW

## SEVENTH AFFIRMATIVE DEFENSE

### Offset

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff's claims, if any, are subject to an offset for Plaintiff's debts to Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### Apportionment of Fault

Subject in all respects to the Reservations of Rights set forth herein, Defendants deny causing any harm or damage to Plaintiff.  However, to the extent that Defendants committed any acts which caused Plaintiff any harm or damage, which Defendants vigorously deny, the liability of Defendants should be apportioned according to their respective degree of fault, and the liability, if any, of these answering Defendants should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### Ratification

Subject in all respects to the Reservations of Rights set forth herein, these answering Defendants deny causing any harm or damage to Plaintiff.  However, to the extent that these answering Defendants committed any acts which caused Plaintiff any harm or damage, which the answering Defendants vigorously deny, all said acts and conduct of the answering Defendants and any consequences thereof, or resulting therefrom, were ratified and accepted by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### Estoppel

Subject in all respects to the Reservations of Rights set forth herein, as a result of the acts, conduct, and omissions of Plaintiff and its agents, the alleged causes of action presented in the Complaint are barred by the doctrine of estoppel.

ANSWER TO COMPLAINT

Case No. 13-CV-7961-R (PJWX)

GERSH DERBY, LLP
ATTORNEYS AT LAW

## ELEVENTH AFFIRMATIVE DEFENSE

### Waiver

Subject in all respects to the Reservations of Rights set forth herein, by their acts and conduct, Plaintiff waived its right, if the right ever existed, to assert any claim or cause of action against these answering Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### Laches

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendants, whereby the Complaint and each of the alleged causes of action therein presented, are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Mitigation of Damages

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff failed to take all reasonable steps necessary to mitigate damages, if any, thereby barring or reducing recovery accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Justification

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff is barred from any recovery in this action by reason of the fact that each and every act of these answering Defendants was justified, proper, legal, fair, and not done in derogation of Plaintiff's rights or legal interests.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Lack of Standing

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff lacks standing to assert any of the claims against these answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Excuse

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff is barred from any recovery in this action because Plaintiff's breaches of contracts and/or other wrongful conduct excuse Defendants from performing any contractual, fiduciary, or common law obligation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Equitable Offset

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff is barred from any recovery in this action because Plaintiff's allegations and causes of action are barred by the doctrine of equitable offset.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Lack of Causation

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff is barred from any recovery in this action because no act or omission of these answering Defendants were a cause in fact or proximate cause of the injuries and damages, if any, sustained by Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

### No Basis for Punitive Damages

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff is barred from any recovery in this action because all of Defendants' actions with regard to Plaintiff were conducted in good faith and without fraud, oppression, or malice toward Plaintiff and its rights, thereby precluding any and all claims for special, exemplary, or punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### Performance of Duties

Subject in all respects to the Reservations of Rights set forth herein, Plaintiff is barred from any recovery in this action because Defendants have performed all

25

1  contractual, statutory, and other duties, if any, owed to Plaintiff, and Plaintiff is

2  therefore estopped to assert any cause of action against Defendants.

3  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

4  **Implied Covenant of Good Faith and Fair Dealing**

5  Subject in all respects to the Reservations of Rights set forth herein, Plaintiff is

6  barred from any recovery in this action because Plaintiff has breached the implied

7  covenant of good faith and fair dealing.

8  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

9  **Unclean Hands**

10  Subject in all respects to the Reservations of Rights set forth herein, the

11  Complaint, and each of the alleged causes of action in it, fails because Plaintiff has

12  unclean hands in connection with the allegations set forth in the Complaint, which

13  bars it from any recovery from its Complaint.

14  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

15  **Unjust Enrichment**

16  Subject in all respects to the Reservations of Rights set forth herein, the

17  Complaint, and each of the alleged causes of action in it, fails because the damages

18  sought by Plaintiff would unjustly enrich Plaintiff.

19  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

20  **Contribution by Plaintiff's Own Acts**

21  Subject in all respects to the Reservations of Rights set forth herein, the

22  Complaint, and each of the alleged causes of action in it, fails because Plaintiff the

23  injuries and/or damages alleged in the Complaint were proximately caused by,

24  occurred, and /or were contributed to by Plaintiff's own acts or failures to act.

25

26

27

28

GERSH | DERBY, LLP
ATTORNEYS AT LAW

26

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Contribution by Third Party Acts

Subject in all respects to the Reservations of Rights set forth herein, the Complaint, and each of the alleged causes of action in it, fails because the injuries and/or damages alleged in the Complaint were proximately caused by, occurred, and/or were contributed to by acts or failures to act by parties other than these answering Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Reservation of Additional Affirmative Defenses

Subject in all respects to the Reservations of Rights set forth herein, as a separate and affirmative defense, Defendants are informed and believe, and thereon allege, that they have insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated affirmative defenses are available. These answering Defendants reserve their right to assert additional affirmative defenses in the event discovery reveals that doing so would be appropriate.

## PRAYER

**WHEREFORE**, Defendants pray as follows:

1. That Plaintiff takes nothing by reason of its Complaint, and that judgment be rendered in favor of Defendants;

2. That Defendants be awarded their costs of suit incurred in defense of this action; and

////
////
////
////
////
////
////

GERSH DERBY, LLP
ATTORNEYS AT LAW

27

Case No. 13-CV-7961-R (PJWX)

1    3.  For such other relief as the Court deems proper.

2

3    Respectfully submitted,
     DATED:   January 2, 2014                    GERSH | DERBY, LLP
4                                                Attorneys at Law

5

6                                        By:_____
                                                JEFFREY F. GERSH
7                                               PAUL B. DERBY
                                                MANE SARDARYAN
8                                               Attorneys for  Defendants Ridgemount
                                                Investments, Inc., Alex Iscoe. and David
9                                               Ulmer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      28

GERSH| DERBY, LLP
ATTORNEYS AT LAW

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 15821 Ventura Boulevard, Suite 515, Encino, California 91436.

On January 2, 2014, I served the foregoing document described as: **ANSWER OF DEFENDANTS RIDGEMOUNT INVESTMENTS, INC., ALEX ISCOE, AND DAVID ULMER TO COMPLAINT OF BISNO DEVELOPMENT ENTERPRISE, LLC** on all interested parties to this action ☐ by placing the true copies thereof enclosed in sealed envelopes addressed ☒ as stated on the attached mailing list;

## SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with GERSH │ DERBY's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** I caused the above-referenced document(s) to be delivered to _____ _ for delivery to the above address(es).

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") –** Pursuant to controlling General Order(s) the foregoing document will be served by the court via NEF and hyperlink to the document. On January 2, 2014, I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated: **SEE ATTACHED**

☐ **BY E-MAIL:** I caused the above-referenced document to be transmitted via e-mail from _____ @gershderbylaw.com to _____ directed to _____ .

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 2, 2014, at Encino, California.

_____
HEATHER NAPIER

GERSH │ DERBY, LLP
ATTORNEYS AT LAW

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

rhbisno@gmail.com-Robert H. Bisno

lmosely@raineslaw.com-Laith D. Mosely

mfeldman@raineslaw.com-Miles J. Feldmen

**CHAMBERS COPY VIA-ATTORNEY SERVICE**
Honorable Manuel Real
United States District Court
Central District of California-Los Angeles
312 North Spring Street
Courtroom 8
Los Angeles, CA 90012

GERSH | DERBY, LLP
ATTORNEYS AT LAW