FILED
CLERK, U.S. DISTRICT COURT

NOV 21 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BISNO DEVELOPMENT ENTERPRISE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BARRY LEVINE, an individual; ARI SCHOTTENSTEIN, an individual; PROTILUS INVESTORS, LLC, a New Jersey limited liability company; ILUS INVESTORS, LP, a California limited partnership; ILUS GP US LLC, a California limited liability company; RIDGEMOUNT INVESTMENTS, INC., a Canadian corporation; ALEX ISCOE, an individual; DAVID ULMER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 13-CV-7961-R (PJWX)<br><br>Date: October 20, 2014<br>Time: 10:00 a.m.<br>Ctrm.: 8<br>Judge: Hon. Manuel L. Real<br><br>[~~PROPOSED~~] FINDINGS OF UNCONTROVERTED FACT AND CONCLUSIONS OF LAW<br><br>BY FAX |

[PROPOSED] FINDINGS OF UNCONTROVERTED FACT AND CONCLUSIONS OF LAW

## FINDINGS OF FACT

The claims of Plaintiff Bisno Development Enterprise, LLC ("BDE") in this action centered around an entitlement representation agreement ("ERA") that BDE purportedly entered into with non-party Vineyards Development, Inc. ("VDI"). Pursuant to the terms of the draft ERA, Plaintiff may have been entitled to a profits interest of 40% of any profits recovered by VDI. By other drafts of the ERA, Plaintiff may have been entitled to 10% profits interest, or no profits interest.

The uncontroverted evidence shows that Ryan Ogulnick, the owner of VDI, never signed any version of the ERA, and never agreed to the terms of the ERA or to any profits interest. BDE failed to raise a genuine issue of material fact with respect to, or to demonstrate, that any version of the ERA is an enforceable agreement or that VDI assented to grant BDE or its principal, Robert Bisno, a 40% profits interest.

The Court therefore FINDS, based on the uncontroverted evidence, that no version of the alleged ERA is an enforceable contract. The Court further FINDS, based on the uncontroverted evidence, that VDI did not assent to grant BDE or its principal, Robert Bisno, any profits interest.

Plaintiff argued, without citation to supporting evidence, that it provided extraordinary or successful services with a "value in excess of $10 million." It is undisputed, however, that Plaintiff kept no records of his time, and Plaintiff provided no evidence in support of this number aside from its purported profits interest. Other than with respect to the purported 40% profits interest, Plaintiff offered no theory or evidence in support of damages.

It is uncontroverted that Plaintiff was paid $8,000 per month under the separate Independent Contractor Agreement ("ICA"). It is also uncontroverted that Plaintiff did not maintain contemporaneous time records for work performed under the ICA.

[PROPOSED] FINDINGS OF UNCONTROVERTED FACT AND CONCLUSIONS OF LAW

The Court therefore FINDS, based on the uncontroverted evidence, that Plaintiff did not suffer any damages from its performance of entitlement services.

## CONCLUSIONS OF LAW

Summary judgment must be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if there is evidence such that a reasonable jury could return a verdict for the non-moving party. The burden of proof is on the moving party to demonstrate the absence of a dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the non-moving party on the claims at issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Further, parties must specifically identify the evidence they intend to rely upon in support of their papers. The District Court need not examine the entire file for evidence establishing a genuine issue of fact where the evidence is not set forth in the opposing papers with adequate references so that it can conveniently be found. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

Defendants Barry Levine, Ari Schottenstein, Protilus Investors, LLC, Ilus Investors, LP, Ilus GP US, LLC, Ridgemount Investments, Inc., David Ulmer, and Alex Iscoe moved for summary judgment on Plaintiff's claims for fraud in the inducement, fraud, and fraudulent concealment. Each of these claims requires proof of causation, reliance, and damages.

With respect to compensatory damages, Plaintiff argued, without citation to evidence, that it provided extraordinary or successful services with a value "well in excess of $10,000,000." However, Plaintiff kept no records of its time and provides

no evidence in support of this number aside from its purported profits interest. Regarding causation, Plaintiff argues only that "but for the fraud of Defendants, BDE would not have entered into the ERA under its terms." Plaintiff failed to show that the ERA is an enforceable contract or that VDI assented to a profits interest.

The Court therefore concludes that Plaintiff did not suffer legally cognizable damages and that any purported damages were not caused by Defendants, so Defendants are entitled to summary judgment on Plaintiff's claims for fraud in the inducement, fraud, and fraudulent concealment.

Defendants also move for summary judgment on Plaintiff's RICO claims. An entry of judgment on a RICO violation requires that Plaintiff show that a RICO predicate offense was not only the "but for" cause of its injury but was the proximate cause as well. *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010).

When a court evaluates a RICO claim for proximate causation, a central question it must ask is whether the alleged violation led directly to the plaintiff's injuries. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006). Plaintiff argues that Defendants' multiple alleged misrepresentations constitute a pattern of fraud for RICO, but fails to address or provide evidence in support of any other element of its RICO claim, including causation. To the extent that Plaintiff relies on the ERA to show causation or damages, this argument fails for the same reason it did with respect to Plaintiff's fraud claims.

The Court therefore concludes that Plaintiff did not suffer legally cognizable damages and that any damages were not caused by Defendants' alleged misrepresentations, so Defendants are entitled to summary judgment on Plaintiff's RICO claim.

Defendants move for summary judgment on Plaintiff's claim of Intentional Interference with Contract. The elements of a claim for intentional interference with a contract between plaintiff and a third party are: Defendants' knowledge of the

contract; intentional acts designed to induce a breach or disruption of the contractual relationship; actual breach or disruption; and resulting damage. *Pacific Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

Plaintiff argues that Defendants intentionally interfered with its purported 40% profit interest by improperly paying to extend the Avalon loan. Plaintiff again relies on the ERA being enforceable to show both a contract between Plaintiff and a third party and to show resulting damage. However, Plaintiff failed to show that the ERA is an enforceable contract or that it is entitled to a 40% profits interest.

The Court therefore concludes that there was no enforceable contract for Defendants to interfere with, and that Defendants' acts or omissions did not result in any legally cognizable damages to Plaintiff, so Defendants are entitled to summary judgment on Plaintiff's claim for intentional interference with contract.

Defendants move for summary judgment on Plaintiff's claim for *quantum meruit*. To recover in *quantum meruit*, a party need not prove the existence of a contract, but it must show that the circumstances were such that the services were rendered under some understanding or expectation of both parties that compensation was to be made. *Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal. App. 4th 1331, 1344 (2008). The burden is on the party making the *quantum meruit* claim to show the value of his or her services and that they were rendered at the request of the person to be charged.

Plaintiff, here, does not dispute that it was paid $8,000 per month under the ICA and does not dispute that it did not maintain contemporaneous time records for work performed under the ICA. Other than with respect to the purported 40% profits interest, Plaintiff offers no theory or evidence in support of damages on its *quantum meruit* claim. Plaintiff offers no factual or legal basis for its assertion that the *quantum meruit* claim may be brought against the members or managers of VDC at The Met, LLC ("VDCATM"), or the members' direct and indirect owners, when Plaintiff contracted with VDCATM itself to provide entitlement services.

The Court therefore concludes that services were not rendered at the request of Defendants (other than in their capacities acting for VDCATM, for which they are not personally liable) and that Plaintiff did not suffer damages from its provision of entitlement services, so Defendants are entitled to summary judgment on Plaintiff's claim for *quantum meruit*.

Defendants also move for summary judgment on Plaintiff's claims for negligent interference with contract, unjust enrichment, and constructive trust. None of these are recognized as causes of action in California.

The Court therefore concludes that Defendants are entitled to summary judgment on Plaintiff's claims for negligent interference with contract, unjust enrichment, and constructive trust.

Date: November 21, 2014

By: _____
Hon. Manuel L. Real
UNITED STATES DISTRICT JUDGE